IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERKLEY INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 23-cv-1661-SMY |
| ) | |
| **CARAWAY & BROOMBAUGH, PC f/k/a** ) | |
| **CARAWAY, FISHER &** ) | |
| **BROOMBAUGH, PC, DETRICK** ) | |
| **OLIVER, ASHLEY YBARRA, and** ) | |
| **TYLER KOSTECKI, et al. DOES 1–25,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER AND JUDGMENT OF DEFAULT

**YANDLE, District Judge:**

Berkley Insurance Company ("Berkley") filed this declaratory judgment action against Defendant Caraway & Broombaugh ("Caraway") and its attorneys, seeking a declaration that it has no duty to defend or indemnify them for the actions of an attorney, allegedly misappropriating client trust funds (Doc. 1). On October 23, 2023, Berkley amended its Complaint to add Deitrick Oliver, Ashley Ybarra, and Tyler Kostecki ("client Defendants") (Doc. 26). The Clerk of Court entered default against the client Defendants on January 24, 2024 and April 4, 2024 (Docs. 50, 51, 67). This matter is now before the Court on Berkley's Motion for Entry of Default Judgment against the client Defendants (Doc. 105).

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). When a defendant is found in default,

all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994).

Berkley seeks a declaration on default that it does not owe a duty to defend or indemnify Attorney Caraway under a Berkley policy with respect to the underlying lawsuits. An insurer's duty to defend is determined by comparing the allegations in the underlying complaint to the relevant provisions of the insurance policy. *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 694 (7th Cir. 2009). "An insurer is obligated to defend its insured if the underlying complaint contains allegations that potentially fall within the scope of coverage." *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.,* 828 N.E.2d 1092, 1098 (2005).

The Policy's exclusion clause prevents coverage for claims related to misappropriating client funds. Here, the actions of Attorney Caraway as alleged in the Complaint fall squarely within the Policy's exclusion clause. Accordingly, Berkley's Motion for Entry of Default Judgment (Doc. 105) is **GRANTED**; Default Judgment is entered in favor of Berkley and against Defendants Deitrick Oliver, Ashley Ybarra, and Tyler Kostecki. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.

DATED:  January 30, 2025

**STACI M. YANDLE**
**United States District Judge**