IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERKLEY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-1661-SMY |
| | ) |
| CARAWAY & BROOMBAUGH, PC f/k/a | ) |
| CARAWAY, FISHER & | ) |
| BROOMBAUGH, PC, JASON | ) |
| CARAWAY, AUTUMN CARAWAY, | ) |
| HEIDI DAVIS, and THOMAS DENNIS, et | ) |
| al. DOES 1–25, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Berkley Insurance Company ("Berkley") filed this declaratory judgment action against Defendant Caraway & Broombaugh ("Caraway") and its attorneys, seeking a declaration that it has no duty to defend or indemnify them with respect to claims arising from an attorney's alleged misappropriation of client trust funds (Doc. 116). Now pending before the Court is Berkley's Motion for Summary Judgment (Doc. 148). Defendants did not respond[1]. For the following reasons, the Motion is **GRANTED**.

### Facts

The following facts are undisputed unless otherwise indicated: Plaintiff Berkley Insurance Company issued Lawyers Professional Liability Policy No. PLP-1499184-P7 to Caraway &

---

[1] On December 3, 2025, Berkley and Defendant Thomas Dennis filed a stipulation for dismissal with prejudice (Doc. 150). As such, Defendant Thomas Dennis is dismissed with prejudice from this action. Additionally, Defendants Sheryl Fisher and Daniel Broombaugh stipulated and agreed to be bound by and subject to any and all judgments in this lawsuit regarding insurance coverage (Docs. 149-2, 149-3).

Broombaugh, P.C. as the named insured for the policy period of June 1, 2022, through May 1, 2023 (Doc. 149-2).  Subject to its terms, conditions, and exclusions, the policy provides coverage only for claims arising "by reason of an act or omission in the performance of **Legal Services** by the **Insured**."  (Doc. 116-1, p. 17).  The policy defines "Legal Services" as "those services . . . performed by an **Insured** for others as a lawyer."  (*Id.*).  The policy further provides that it does not apply to any **Claim** based on, or arising out of, or in any way involving:

- "the actual or alleged conversion, misappropriation or improper commingling of client funds";
- "any **Insured** having gained any personal profit or advantage to which he or she was not legally entitled"; or
- "any dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by an Insured."
(*Id.*, pp. 17–18)

Between September 2023 and February 2024, multiple lawsuits and disciplinary proceedings were filed against Defendant Jason Caraway.  The Illinois actions included *Melissa Gordon v. Jason Caraway, Caraway, Fisher & Broombaugh, P.C., and Autumn Caraway*, Case No. 24LA0207 (Doc. 116-2), *Thomas Dennis v. Jason Caraway and Caraway, Fisher & Broombaugh, P.C.*, Case No. 23LA0572 (Doc. 116-3), *Heidi Davis v. Caraway, Fisher & Broombaugh, P.C., Jason Caraway, Cheryl Fisher, and Daniel Broombaugh*, Case No. 2023-LA-1112 (Doc. 116-4), all filed in the Twentieth Judicial Circuit Court, St. Clair County.  The Complaints in those cases allege that Caraway intentionally retained or diverted client funds and, in some instances, made false statements to conceal the misuse of those funds for personal use rather than distributing them to clients, lienholders, or creditors (Doc. 116).

On May 13, 2022, and again on August 14, 2023, the Illinois Attorney Registration and Disciplinary Commission ("ARDC") initiated disciplinary proceedings against Caraway based on the misappropriation of client funds and dishonest conduct (Doc. 116-6).  As a result of those

proceedings, the ARDC paid or agreed to pay 16 claimants through its Client Protection Program (Doc. 149 ¶ 28).

In December 2023, Caraway was indicted in the U.S. District Court for the Southern District of Illinois on multiple counts of wire fraud arising from the misappropriation of client funds. *United States v. Caraway*, 3:23-cr-30148-NJR-1. He later entered a guilty plea admitting that he knowingly devised and executed a scheme to defraud his law firm and clients by embezzling, converting, and misapplying money held in trust. *Id.*, Doc. 26.

Berkley filed this declaratory judgment action seeking a determination that it owes no duty to defend or indemnify Defendants in connection with the underlying matters. Specifically, Berkley asserts six counts seeking declarations, including three counts concerning the Illinois lawsuits (Counts I–III), one count concerning a potential victim claim (Count IV), and two counts arising from the ARDC proceedings (Counts V–VI) (Doc. 116).

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). The moving party is entitled to summary judgment if the non-moving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the evidence is merely colorable or not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004).

Under Illinois law, "the insurer's duty to defend arises when 'the facts alleged in the underlying complaint fall within, or potentially within, the policy's provisions.'" *Mkt. St. Bancshares, Inc. v. Fed. Ins. Co.*, 962 F.3d 947, 951–52 (7th Cir. 2020) (quoting *Crum & Forster Managers Corp. v. Resolution Tr. Corp.*, 620 N.E.2d 1073, 1079 (Ill. 1993)). The insured bears the burden of proving that its claim falls within the policy's coverage. *Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009). Once the insured has established coverage, the burden shifts to the insurer to prove that a limitation or exclusion applies. *Id.* An insurer's duty to defend is broader than its duty to indemnify. *Pekin Ins. Co.*, 930 N.E.2d at 1017 (citing *Outboard Marine Corp.*, 607 N.E.2d 1204 (Ill. 1992)).

Here, the undisputed facts establish that the underlying matters do not arise "by reason of an act or omission in the performance of Legal Services," as required by the policy's insuring agreement. The underlying complaints seek recovery for the intentional conversion and misuse of client funds, not for negligent legal representation. As such, no duty to defend arises. *See Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1016–17 (Ill. 2010) ("In a declaratory judgment action . . . where the issue is whether the insurer has a duty to defend, a court ordinarily looks first to the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy.").

Even if the insuring agreement were implicated, which it is not, the facts establish that the policy's exclusions bar coverage. Each underlying matter arises out of alleged conversion, misappropriation, or improper commingling of client funds, triggering the policy's Funds Exclusion. Thus, the policy's exclusions independently preclude coverage for each of the underlying matters. Because the underlying claims do not fall within the policy's coverage and are expressly excluded, Berkley owes no duty to defend or indemnify Defendants in connection

with the underlying matters. *Health Care Industry Liability Ins. Program v. Momence Meadows Nursing Center, Inc.*, 566 F.3d 689, 693 (7th Cir. 2009) (Where no duty to defend exists, no duty to indemnify can arise as a matter of law.).

## Conclusion

For the foregoing reasons, Berkley Insurance Company's Motion for Summary Judgment (Doc. 116) is **GRANTED**. The Court **DIRECTS** the Clerk of Court to enter judgment in Plaintiff's favor on Counts I through VI of the Third Amended Complaint, declaring that Plaintiff owes no duty to defend or indemnify Defendants in connection with the underlying matters.

**IT IS SO ORDERED.**

**DATED: February 3, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**